## In re LIBBY SHOE CORPORATION.
### No. 20105.

District Court, E. D. Pennsylvania.
Jan. 7, 1938.

David N. Feldman, of Philadelphia, Pa., for debtor.

Levi, Mandel & Miller and Levinthal & Rosen, all of Philadelphia, Pa., for trustee.

MARIS, District Judge.

This is a proceeding under section 77B of the Bankruptcy Act, as amended, 11 U. S.C.A. § 207. The debtor filed its petition for reorganization on November 16, 1937, and on the same day a temporary trustee was appointed, who qualified by filing his bond the day following. His appointment was made permanent on December 15, 1937. By the order of his appointment the trustee was authorized to continue to operate and conduct the business of the debtor until further order of this court. Pursuant to the order the trustee immediately after qualification took over the conduct of the debtor's business, which consists of the retail sale of shoes at two stores in Philadelphia and one store in Washington, D. C.

The assets of the debtor as appraised by the appraisers appointed by this court total $81,017.78 as a going concern and $43,984.71 in liquidation. The debtor in its petition admits liabilities of approximately $90,000. The debtor thus appears to be insolvent although no adjudication of this fact has yet been made.

The trustee, although he instituted all possible economies, suffered a loss in the operation of the debtor's business between November 17, 1937, and December 24, 1937, in the sum of $8,825.37, and he has accordingly petitioned the court for leave to close the business unless the debtor files a surety bond in such sum as will protect the general creditors from further loss by reason of its continuance.

It will be seen that the operation of the business during a little more than a month has resulted in a loss of more than one-fifth of the liquidating value of the debtor's assets. The trustee properly points out that such a situation, if permitted to continue, will very seriously jeopardize the interests of the debtor's creditors. Under the circumstances we feel that the creditors are entitled to security from the debtor or its stockholders on its behalf to protect them from any further loss from the continuance of the business. We are accordingly disposed to grant the trustee's request if we have power under section 77B of the Bankruptcy Act to do so. After careful consideration of that act we have reached the conclusion that the necessary authority is vested in this court.

Subdivision (a) of section 77B, 11 U.S. C.A. § 207(a), confers upon this court in a reorganization proceeding under that section all the powers not inconsistent with the sec-

tion which a federal court would have had it appointed a receiver in equity of the property of the debtor by reason of its inability to pay its debts as they mature. Subdivision (c), 11 U.S.C.A. § 207(c), provides that when the court appoints a trustee of the debtor's estate the latter shall have, subject to the authorization and control of the judge, the power to operate the business of the debtor during such period, fixed or indefinite, as the judge may from time to time prescribe. Furthermore, the same subdivision provides that in case a trustee is not appointed and the debtor is continued in possession of its property, it shall operate its business only if authorized by the judge and then only during such period, fixed or indefinite, as the judge may from time to time prescribe.

It is thus clear that the business of a debtor which has petitioned for reorganization under section 77B may only be continued if authorized by the court, and then only for such a period of time as the court may in the exercise of its discretion prescribe. It is likewise clear that the business, if continued by authority of the court, may by like authority be discontinued whenever it appears to the advantage of the parties in interest to do so. It follows, we think, under the general equity powers, which, as we have seen, are conferred upon the court by the express provisions of the section, that an order for the continuance of the business may be made upon such terms as are required to protect the interests of creditors.

Our conclusion finds support in other provisions of the Bankruptcy Act which by the terms of subdivision (k) of section 77B, 11 U.S.C.A. § 207(k), are made applicable to proceedings under that section. We refer to the provisions of section 12 which relate to compositions and which, as amended, 11 U.S.C.A. § 30, direct the court, if action upon the petition for adjudication is delayed, to impose "such terms and conditions for the protection of and indemnity against loss by the bankrupt estate as may be proper."

The trustee has leave to wind up and close the business of the debtor unless within five days the debtor, or one or more of its stockholders on its behalf, files with the clerk of this court a bond with approved security in the sum of $10,000 conditioned to indemnify the trustee of the debtor's estate against any loss which the estate may suffer by reason of the further continuance of the debtor's business.